IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                       No.  CR-01-0314 MV

RUDY DANIEL CHAVEZ,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion to Withdraw Guilty Plea **[Doc. No. 23]**, filed February 18, 2005. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is not well taken and will be **DENIED**.

## BACKGROUND

Defendant was charged in an Indictment filed on March 13, 2001 with two counts of felon in possession of a firearm.  Pursuant to a Rule 11(c)(1)(C) plea agreement, Defendant pleaded guilty to Count 1 of the Indictment.  The plea agreement provided for a specific sentence of 24 months imprisonment.  On October 14, 2004, United States Magistrate Judge Alan Torgerson held a plea hearing during which Defendant pleaded guilty.  Judge Torgerson accepted Defendant's plea of guilty, "subject to district judge review."  Transcript of Plea Hearing at 13.  On February 17, 2004, Defendant filed the instant motion to withdraw his guilty plea.  The government filed a response in opposition on March 15, 2005.

## DISCUSSION

Rule 11(d)(2) of the Federal Rules of Criminal Procedure provides that a defendant may withdraw a plea of guilty "after the court accepts the plea, but before it imposes sentence if: (A) the court rejects a plea agreement under Rule 11(c)(5); or (B) the defendant can show a fair and just reason for requesting the withdrawal."  Although Defendant sets forth arguments in support of withdrawal of the guilty plea in the interests of fairness and justice, Defendant appears to be asking the Court to reject his plea agreement under Rule 11(c)(5), thereby providing him with the opportunity to withdraw the plea.

Defendant's request conflates subsections (A) and (B) of Rule 11(d)(2) and seeks relief that the Court is not authorized to grant.  Under subsection (A), a defendant is allowed to withdraw a guilty plea *after* the court has rejected a plea agreement under Rule 11(c)(3)(A), which gives the court discretion to accept or reject a Rule 11(c)(1)(C) plea agreement.  If the court chooses to reject a plea agreement, the court is required under Rule 11(c)(5)(B) to give the defendant an opportunity to withdraw the plea.  In the instant case, the Court has not yet decided whether to accept or reject the plea agreement.  Subsection (A) thus is not applicable here.  Accordingly, at this point, Defendant may withdraw his plea only if he meets the requirements of subsection (B).[1]

---

[1] Regardless of whether Defendant meets these requirements, the Court retains the discretion to reject his Rule 11(e)(1)(C) plea agreement.  *See* Fed. R. Crim. P. 11(c)(3)(A); *United States v. Rodriguez*, 45 F. Supp.2d 1088, 1094 (D. Colo. 1999) ("A Rule 11(e)(1)(C) plea agreement directly and unequivocally infringes on the sentencing discretion of district courts, and rejecting such a plea agreement due to the court's refusal to permit the parties to bind its sentencing discretion constitutes the exercise of sound judicial discretion.").  As Judge Torgerson made clear at the plea hearing, his acceptance of Defendant's guilty plea was subject to this Court's review.  In the event that the Court decides to reject his plea agreement at the sentencing hearing, Defendant then will be able to withdraw his guilty plea pursuant to Rule 11(d)(2)(A).

Under Rule 11(d)(2)(B), the burden rests with Defendant to show that there is a fair and just reason for allowing withdrawal of his guilty plea. *See United States v. Gordon*, 4 F.3d 1567, 1572 (10th Cir. 1993), *cert. denied*, 510 U.S. 1184 (1994). The Tenth Circuit has enumerated the following seven factors which the court must consider in determining whether Defendant has met his burden: "(1) whether the defendant has asserted his innocence, (2) prejudice to the government, (3) delay in filing defendant's motion, (4) inconvenience to the court, (5) defendant's assistance of counsel, (6) whether the plea is knowing and voluntary, and (7) waste of judicial resources." *Id.* The determination of what circumstances justify granting a motion for withdrawal of a guilty plea is "within the sound discretion of the trial court." *United States v. Wade*, 940 F.2d 1375, 1377 (10th Cir. 1991). Accordingly, the district court's determination is reviewed only for abuse of discretion. *Id.*

Defendant does not address the application of the *Gordon* factors to the instant case. Rather, Defendant argues that it would be in the interests of fairness and justice to allow him to withdraw his guilty plea because of two "intervening circumstances": (1) the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), and the Addendum to the Presentence Report which sets forth information regarding Defendant's history of abuse as a child. According to Defendant, he would not have stipulated to a specific sentence if *Booker* had already been decided and if his attorney had known about his history of child abuse. This argument fails to establish a fair and just reason to allow Defendant to withdraw his guilty plea.

Moreover, an analysis of the *Gordon* factors does not support Defendant's request for permission to withdraw his guilty plea. First, Defendant does not assert his innocence. To the contrary, Defendant agreed under oath with the government's recitation of the factual basis for the

charges set forth in Count 1 of the Indictment.  Second, the government would be prejudiced if the motion were granted, as this case is more than four years old and the government has relied on Defendant's guilty plea.  Third, Defendant did not file the motion to withdraw his plea until four months after he entered the plea.  Fourth, the Court does not consider inconvenience to the Court to be a substantial issue here.  Fifth, Defendant does not question the effectiveness of his counsel's assistance.  Similarly, Defendant does not contend that his counsel failed to advise him of the minimum and maximum penalties he was facing or of the agreed upon sentence set forth in the plea agreement.  Moreover, during the plea hearing, the Court advised Defendant of these issues and Defendant indicated that he understood. Sixth, there is no indication that Defendant's plea was not knowing and voluntary.  At the plea hearing, the Court conducted a thorough inquiry during which Defendant affirmed that he understood what was happening, that he had discussed the case with his attorney, that he understood the charges to which he was pleading guilty and that he understood the possible penalties.  Defendant also denied that anyone had threatened or forced him to plead guilty. Seventh, although some waste of judicial resources would be an inevitable result of allowing withdrawal of Defendant's guilty plea, the Court does not consider this to be a substantial issue. Accordingly, five of the seven *Gordon* factors weigh against Defendant.  As the Court must consider these factors in making its determination, the Court is constrained to find that Defendant cannot meet his burden of showing a fair and just reason to allow withdrawal of his guilty plea.

## CONCLUSION

Defendant has not carried his burden of establishing a fair and just reason for allowing withdrawal of his guilty plea.  Accordingly, he is not entitled to relief pursuant to Rule 11(d)(2)(B).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Withdraw Guilty Plea **[Doc. No. 23]** is hereby **DENIED**.


Dated this 8th day of June, 2005.


_____
MARTHA VÁZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE


<u>Attorney for Plaintiff</u>:
Glynette Carson-McNabb

<u>Attorney for Defendant</u>:
David Greer